Filed 2/17/23  In re O.T. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re O.T. et al., Persons Coming Under the Juvenile Court Law. | B316764 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>L.H.,<br><br>　　　Defendant and Appellant. | (Los Angeles County Super. Ct. Nos. 18CCJP00880A, 18CCJP00880B, 18CCJP00880C, 18CCJP00880D) |

APPEAL from orders of the Superior Court of Los Angeles County, Steff Padilla, Judge Pro Tempore.  Conditionally reversed with directions.

Carol A. Koenig, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Interim County Counsel, and David Michael Miller, Deputy County Counsel, for Plaintiff and Respondent.

_____

Mother appeals from the November 8, 2021 findings and orders denying her petition to change court orders under Welfare and Institutions Code[1] section 388, placing her four children (minors) under the legal guardianship of their paternal grandmother, and terminating dependency jurisdiction. Mother's sole contention on appeal is that the juvenile court and the Los Angeles County Department of Children and Family Services (Department) failed to comply with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.).

We conditionally reverse and remand solely for the court to ensure compliance with ICWA and related California statutes.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother and father have four children, two of whom were born after the Department filed a petition under section 300 alleging the two oldest children were at risk of harm based on mother's mental illness and father's failure to protect.[2] At a detention hearing in February 2018, mother and father filed

_____

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise specified.

[2] Father is not a party to this appeal.

ICWA-20 forms denying any Indian ancestry. The court found no reason to know the two oldest children were Indian children, and advised the parents to report any new information. Subsequent petitions made allegations of risk as to all four children based on mother's mental illness, physical abuse, and father's failure to protect. The court also found no reason to know that the two younger children were Indian children.

Although the children were initially placed with father, all four were ultimately placed with paternal grandmother. In 2020, the court denied without a hearing maternal grandmother's petition to change its prior orders and place the children with her instead of paternal grandmother.

During the dependency proceedings, Department employees were in contact with maternal grandmother, maternal aunt, and paternal grandmother. However, there is no evidence in the record that the relatives were ever asked about possible Indian ancestry.

At a hearing on November 8, 2021, the court denied mother's petition under section 388 as to the oldest child. Proceeding under section 366.26, the court ordered legal guardianship as the permanent plan for all four children, appointing paternal grandmother as the legal guardian and terminating dependency jurisdiction.

Mother filed a notice of appeal on November 9, 2021, appealing the denial of mother's section 388 petition and the appointment of a legal guardian.

**DISCUSSION**

"Congress enacted ICWA in 1978 in response to 'rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement, usually in non-Indian homes.' " (*In re Isaiah W.* (2016) 1 Cal.5th 1, 7.) Both ICWA and California law define an " 'Indian child' " as a child who is either a member of an Indian tribe or is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe. (25 U.S.C. § 1903(4); § 224.1, subds. (a) & (b); see *In re Elizabeth M.* (2018) 19 Cal.App.5th 768, 783.)

California statutory law incorporates the requirements of ICWA, and imposes some additional requirements as well. (*In re Abbigail A.* (2016) 1 Cal.5th 83, 91; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 741–742.) State and federal law require the court to ask parties and participants at the outset of an involuntary child custody proceeding whether they have reason to know a minor is an Indian child, and to "instruct the parties to inform the court if they subsequently receive information that provides reason to know the child is an Indian child." (25 C.F.R. § 23.107(a); § 224.2, subd. (c); see *Benjamin M.*, at p. 741.) Initial inquiry also includes requiring each party to complete the parental notification of Indian status (ICWA-020) form. (Cal. Rules of Court, rule 5.481(a)(2)(C).)

State law imposes on the Department a first-step inquiry duty to "interview, among others, extended family members and others who had an interest in the child." (*In re H.V.* (2022)

75 Cal.App.5th 433, 438; see § 224.2, subd. (b).) Federal regulations explain that the term "extended family member is defined by the law or custom of the Indian child's Tribe or, in the absence of such law or custom, is a person who has reached age 18 and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 C.F.R. § 23.2 (2017).) When there is "reason to believe that an Indian child is involved in a proceeding," further inquiry is also required. (§ 224.2, subd. (e); *In re T.G.* (2020) 58 Cal.App.5th 275, 290, fn. 14.) "We review claims of inadequate inquiry into a child's Indian ancestry for substantial evidence." (*In re H.V.*, at p. 438.)

The Department concedes on appeal that the initial inquiry requirements of ICWA and related state law were not met in this case, and asks us to either conditionally affirm or reverse the juvenile court's order terminating dependency jurisdiction, with instructions limiting remand of the matter to ordering the juvenile court to ensure compliance with ICWA's requirements.

We agree that the court erred in finding ICWA inapplicable, as there is no evidence in the record that the Department asked available extended family members about the possibility that minor has Indian ancestry. (See, e.g., *In re H.V.*, *supra*, 75 Cal.App.5th at p. 438 [prejudicial error when Department fails to discharge its first step duty of inquiry]; *In re Benjamin M.*, *supra*, 70 Cal.App.5th at p. 741 [court must ask each participant in child custody proceeding].)

## DISPOSITION

The juvenile court's November 8, 2021 orders terminating dependency jurisdiction under Welfare and Institutions Code section 366.26 are conditionally reversed and remanded for proceedings required by this opinion. The court shall also order the Department to make reasonable efforts to interview available extended relatives, including maternal grandmother, maternal aunt, and paternal grandmother about the possibility that minors have Indian ancestry and to report on the results of the Department's investigation. Nothing in this disposition precludes the court from ordering additional inquiry of others having an interest in the children. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the orders terminating dependency jurisdiction are to be reinstated. If additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

NOT TO BE PUBLISHED.

MOOR, J.

We concur:

RUBIN, P. J.

KIM, J.